277 So.2d 234 (1973)
Valliet DUHON, Plaintiff-Appellant,
v.
COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY, Defendant-Appellee.
No. 4095.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
Rehearing Denied May 24, 1973.
*235 Pugh, Buatt, Landry & Pugh by Kenneth O. Privat, Crowley, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by Timothy J. McNamara, Lafayette, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
Valliet Duhon seeks benefits alleged to be due him under an accident policy issued by defendant, Colonial Life and Accident Insurance Company. Plaintiff suffered a simple fracture of his leg. Following open reduction of the fracture, osteomyelitis developed and ultimately it became necessary to amputate his leg. The district judge held that the loss was not covered by the policy, and he rendered a summary judgment dismissing the suit. Plaintiff appealed.
The issue is whether the policy covers the amputation of plaintiff's leg and his resulting disability.
The facts are that while plaintiff was dancing with his wife at a nightclub, he fell and suffered a simple fracture of the tibia of his left leg. Immediately following the accident he was taken to a hospital where two physicians performed an open reduction of the fracture and placed the leg in a cast. The leg remained in the cast for about three months, but the fracture failed to unite and osteomyelitis developed. After prolonged treatment the leg was amputated at the knee.
The record establishes that plaintiff received no wound or laceration to the affected leg at the time the fracture occurred, that osteomyelitis is a bacterial infection, and that the osteomyelitis resulted from a surgical operation performed upon the broken leg shortly after the slip and fall occurred.
The policy issued by defendant is entitled "Franchise Accident Policy." Beneath this title, in large bold print, it states: "This Policy Provides Indemnity for Loss of Life, Limb, Sight or Time Caused by Bodily Injuries Effected through Accidental Means as Herein Limited and Provided." The policy then provides indemnity for the loss of either foot, and it obligates the insurer to pay specific benefits for injuries sustained by the insured which "wholly and continuously disable the insured *236 from performing any and every duty pertaining to his occupation."
Under the paragraph entitled "Coverage" we find the following provisions:
"The company will pay the benefits named in this policy for any loss resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external and accidental means whether such injuries occur in the course of any occupation or employment, or otherwise." (Emphasis added).
Then, under a heading entitled "Exceptions and Reductions," the following stipulation appears:
"The insurance under this policy shall not cover death or other loss caused or contributed to (1) by bacterial infections (except pyogenic infections which shall occur with and through an accidental cut or wound)." (Emphasis added).
Plaintiff contends that his loss was covered by the policy because the fracture and subsequent amputation fell into a continuous chain of events whereby the fracture was "directly and causally linked to the amputation of the leg, without any intervening cause breaking that chain." He argues that the fracture which he sustained thus was the "efficient and predominant," or the "prominent and sole," cause of the amputation and his resulting disability.
Defendant contends that the loss was not covered by the policy because the amputation did not result exclusively from the accidental fracture. It argues that the amputation was necessitated by the development of osteomyelitis, a bacterial infection, that that infection did not occur through an accidental cut or wound, but instead it resulted from an intentional surgical procedure, and that since the policy excludes coverage where the loss was caused by "bacterial infections" there was no coverage.
The trial judge concluded that the amputation was caused or contributed to by a bacterial infection, that the infection did not occur through an accidental cut or wound, and that the loss thus was excluded from coverage under the policy. We have concluded that the trial judge erred in holding that there was no coverage.
A provision in an accident policy which obligates the insurer to pay benefits for a loss resulting "directly, independently and exclusively of all other causes" from accidental bodily injuries, consistently has been held to mean that the insurer is liable for such benefits if the accidental injury was the efficent or predominant cause of the insured's ultimate loss. Carnelious v. Louisiana Industrial Life Insurance Co., 18 La.App. 739, 138 So. 533 (1931); DeBlieux v. Travelers Insurance Co., 185 La. 620, 170 So. 14 (1936); McCray v. National Life and Accident Insurance Co., 244 So.2d 342 (La.App. 4 Cir. 1971); Thibodeaux v. Pacific Mutual Life Insurance Co., 237 La. 722, 112 So.2d 423 (1959).
In Carnelious v. Louisiana Industrial Life Insurance Co., supra, the plaintiff sustained an accidental injury which resulted in the amputation of his leg. The amputation became necessary primarily because of the injury, but the plaintiff also had a syphilitic infection which was a contributing factor in bringing about the amputation. Plaintiff sued for benefits under an industrial life and accident insurance policy which provided benefits for an injury which "directly and independently of all other causes" results in disability. The Court of Appeal, Orleans, held that, dispite the fact that the infection was a contributing cause of the amputation, the injury was covered by the policy, because the fracture was the efficient and predominant cause of the loss. The court said:
"Our understanding of the meaning of this clause, as interpreted by the courts generally, is that it suffices if the cause of injury or death be the efficient or predominant cause. The phrase, `resulting directly, independently and exclusively in death,' refers to the efficient, or, as *237 some courts speak of it, the predominant cause of death at the time it occurs."
In McCray v. National Life and Accident Insurance Co., supra, plaintiff suffered an injury to his toe when it came in contact with some hot steam. The toe failed to heal because of the accidental injury sustained by plaintiff and also because of plaintiff's pre-existing condition of diabetes. Eventually his right leg was amputated. He sued to recover benefits due under a health and accident insurance policy issued by the defendant, which provided benefits for a loss "caused solely by disease or injuries contracted or sustained after the date of issue." The issue presented was whether the amputation resulted solely from injury received by plaintiff, or whether it was caused, at least in part, by a pre-existing diabetic condition. Our brothers of the Fourth Circuit Court of Appeal held that, although plaintiff's diabetic condition contributed to the amputation, there was coverage under the policy, because the accidental burn which plaintiff sustained was the "efficient and predominant" cause of the amputation. In so holding, the court said:
"Were it not for the accident and toe injury to plaintiff, we do not believe that plaintiff's diabetic condition alone would have actively produced toe infections which never completely healed and subsequently spread elsewhere to plaintiff's leg. The accidental burn was certainly the predominant factor in bringing about the amputation. It is our opinion that the injury and not the disease was the sine qua non of plaintiff's loss of his right leg." (Emphasis added).
The fracture sustained by plaintiff in the instant suit clearly was the efficient and predominant cause of the amputation of his leg. Were it not for the accident and fracture, there would have been no occasion for surgery, and without the surgery osteomyelitis would not have developed. The fracture thus was the predominant factor in bringing about the amputation.
We do not believe that the provision in the policy involved here, which excludes coverage of a loss caused or contributed to "by bacterial infections" has the effect of excluding coverage, where the original injury was effected solely through external and accidental means, where the injury was the "efficient and predominant" cause of the loss, and where the infection developed from the injury or from the treatment which was administered for that injury.
The case of DeBlieux v. Travelers Insurance Co., supra, involved a claim under a life insurance policy, but we think the rule applied there is applicable in the instant suit. In that case, the insured sustained an accidental traumatic injury to his hand. The wound became infected, and from that infection he developed septicemia, a systemic disease of the blood, which resulted in his death. The evidence showed that he had some pre-existing blood diseases which made it difficult for him to recover from septicemia. The policy provided double indemnity benefits if death should result from bodily injuries "effected directly and independently of all other causes through external, violent and accidental means," and it contained a specific proviso that double indemnity would be payable only if "such (death) does not result, directly or indirectly from diseases in any form." A claim was made for double indemnity benefits, and an issue was presented as to whether coverage was excluded by the above proviso relating to diseases. Our Supreme Court held that there was coverage, and that plaintiffs were entitled to recover. The court said:
"We disagree with counsel, and are of the opinion that the authorities are pertinent, because, if the traumatic injury resulted in septicemia, which caused the insured's death, the proviso in the policy in this case `that death shall not result indirectly from disease' would not apply here. Furthermore, the proviso is merely for the purpose of emphasizing the preceding language of the policythat *238 the death must result from `bodily injuries, effected directly and independently of all other causes through external, violent and accidental means.' Proof to that extent necessarily makes the disease proviso inapplicable." (Emphasis added).

* * * * * *
"The authorities cited by counsel for defendant are not apposite here, because in this case we have an accident, which caused septicemia, which is a disease, but which is caused directly from the accidental injury and for that reason is not excluded." (Emphasis added).
We think the same rule should be applied where the loss results from surgery performed in treating an accidental injury, whether an infection does or does not develop following that surgery.
In Couch on Insurance 2nd, § 41:125, p. 153, the following general statement of the law appears: "When the insured undergoes medical treatment for the purpose of curing a disease or other condition which was caused by an accident or by accidental means, the policy also covers harm sustained by way of death or injury as the consequence of the medical treatment."
In Kane v. Order of United Commercial Travelers of America, 3 Wash.2d 355, 100 P.2d 1036 (1940), the insured sustained an accidental injury which necessitated surgery. The surgery caused him to contract pneumonia, from which he died. The accident policy excluded coverage if death should be caused by infection. The Supreme Court of Washington held that coverage was not excluded under those circumstances. It said:
"We hold, therefore, that when death results from disease which follows as a natural though not necessary consequence of an accidental injury, it is within the terms of the accident certificate, the death being deemed the proximate result, not of the disease as an independent cause, but of the injury."
The Supreme Court of Missouri, in State Farm Mutual Automobile Ins. Co. v. Underwood, 377 S.W.2d 459 (Mo.1964), said:
"Ordinarily such an injury as the insured suffered in this minor automobile accident would not result in death, even though a herniated disc ensued. There is authority, however, to the effect that proper and necessary medical or surgical treatment (including anesthetics) for an accidental injury does not break the chain of causation between the accidental means of the injury and the death, where the death is caused by the treatment or operation."
We agree with the views expressed by the Washington and Missouri courts in the cited cases.
Our conclusion is that the policy issued by defendant covered plaintiff's loss. Plaintiff was not excluded from coverage because of the circumstance that he voluntarily submitted to surgery for the treatment of his injury, that a bacterial infection developed from the surgery, and that the amputation of his leg was necessitated by that infection.
For the reasons assigned, the summary judgment appealed from is reversed, and the case is remanded to the trial court for further proceedings consistent with the views expressed herein. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.
CULPEPPER, Judge (dissenting).
There is no factual issue. The legal issue is not legal causation, as the majority holds. It is the construction of the exclusion clause in the policy which in my view, clearly proscribes recovery.